Andrea Suárez, viuda de González, tercerista y apelada, *v.* Central Pasto Viejo, Inc., demandados y apelantes.

No. 3597.—*Visto:* Marzo 10, 1926. *Resuelto:* Julio 9, 1926.

Embargos—Reclamaciones por Terceras Personas—Tercerías—Absolución de Varios Demandados en el Pleito que Motivó la Tercería—Efecto.— Absueltos dos de tres demandados de una demanda en pleito que motivó una tercería, ésta, como incidente, se convierte en un punto académico, y el hecho de que el otro demandado fuera condenado en dicho pleito no varía aquella conclusión, cuando la teoría de la demanda fué la existencia de una sociedad entre los demandados, el embargo de bienes se hizo como perteneciente a dicha sociedad y la evidencia no sostuvo dicha teoría.

Sentencia de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda de tercería, sin costas. *Confirmada.*

Henry G. Molina y *González Fagundo & González Jr.,* abogados de los apelantes; *Rafael López Antongiorgi* y *F. Cervoni Gely,* abogados de la tercerista.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una demanda de tercería entablada por Andrea Suárez viuda de González reclamando la propiedad de bienes muebles, consistente en cierto ganado vacuno que fué embargado en la demanda que en cobro de dinero estableció la Central Pasto Viejo, Inc., contra Arturo Aponte, Jr., Antonio González y José López del Valle individualmente y como socios de "Aponte & González." El pleito de tercería siguió por todos sus trámites y la corte inferior dictó sentencia declarando con lugar la demanda, por lo que la Central Pasto Viejo, Inc., interpuso esta apelación.

La sección 14 de la ley para proveer el procedimiento en los casos de tercería, etc., aprobada en marzo 14, 1907, (sección 5273 Comp. 1911, pág. 890), en su último párrafo dice:

"Dicho fallo se dictará a favor del litigante victorioso en el asunto donde se decretó la orden de embargo, o cualquiera otra que haya motivado la tercería; y cuando el fallo se dictare a favor del demandante en la orden de embargo, o de los diversos demandantes, si hubiere más de uno, se fijará en dicho fallo la cuantía, y el orden prelativo de la reclamación de cada demandante. En todo caso, en que no se trate de abandono de acción por el demandante, o de rebeldía del demandado, el Juez reservará su sentencia en la tercería hasta que haya recaído sentencia en el asunto que motivó la tercería."

El asunto que motivó la tercería, o sea, en el pleito principal, los demandados Arturo Aponte, Jr., y José López del Valle fueron absueltos de la demanda y la sentencia fué confirmada en apelación por esta Corte Suprema, 35 D.P.R. 206. La primera cuestión que surge entonces es que siendo ese el resultado del pleito principal, la tercería como incidente se ha convertido en un punto académico, pues el embargo *ipso jure* había quedado sin efecto. Y no es óbice para que lleguemos a esta conclusión el que, en el primer pleito, individualmente Antonio González fuese condenado a pagar la suma reclamada por la Central Pasto Viejo, Inc.,

porque la teoría de la demanda fué que los demandados formaban una sociedad bajo el nombre de ''Aponte & González,'' y el embargo de bienes se hizo como pertenecientes a dicha sociedad, no sosteniendo la evidencia en modo alguno dicha teoría.

De todos modos, aparece además que en noviembre 9, 1922, se trabó el embargo y tres días antes, noviembre 6, 1922, la tercerista había adquirido dichos bienes de Luciano R. Fuertes, Antonio González y Arturo Aponte, quienes tenían constituída una sociedad civil para fines agrícolas desde 1919, y fué la dueña de dichos bienes.

Por lo expuesto, *debe confirmarse la sentencia apelada.*